Citation Nr: 1749160 
Decision Date: 10/31/17 Archive Date: 11/06/17

DOCKET NO. 08-33 313 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Winston-Salem, North Carolina


THE ISSUE

Entitlement to service connection for a pulmonary disorder, to include emphysema and pleural plaques, claimed as due to exposure to asbestos in service.


REPRESENTATION

Appellant represented by: The American Legion


ATTORNEY FOR THE BOARD

M.G. Mazzucchelli, Counsel






INTRODUCTION

The Veteran served on active duty from November 1970 to February 1971.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an August 2007 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Winston-Salem, North Carolina.

This matter was most recently before the Board in March 2017, when it was remanded for further development.


FINDING OF FACT

The Veteran's pulmonary disorder is not related to his military service, to include claimed exposure to asbestos.


CONCLUSION OF LAW

The criteria for entitlement to service connection for a pulmonary disorder, to include emphysema and pleural plaques, have not been met. 38 U.S.C.A. § 1110 (West 2014); 38 C.F.R. § 3.303 (2017).


REASONS AND BASES FOR FINDING AND CONCLUSION

I. Notice and Assistance

VA has a duty to provide notice of the information and evidence necessary to substantiate a claim. 38 U.S.C.A. § 5103(a) (West 2014); 38 C.F.R. § 3.159(b) (2017). 

A standard letter in May 2007 satisfied the duty to notify provisions. 

VA also has a duty to provide assistance to substantiate a claim. 38 U.S.C.A. § 5103A (West 2014); 38 C.F.R. § 3.159(c).

The RO substantially complied with prior remand instructions. The Veteran was requested to provide information pertaining to his claimed inservice asbestos exposure, and a VA examination was conducted in April 2017. 

The record contains the VA, private, and service treatment records, the Veteran's statements, and statements from the Veteran's representative.

The Veteran underwent VA examination for respiratory conditions in April 2017. The examination report reflects that the examiner reviewed the Veteran's claims file, interviewed and examined the Veteran, and evaluated the Veteran's current health condition. The offered opinion is supported by rationale and adequately explained. Therefore, the Board finds that the medical examination and opinion is adequate for evaluation purposes. See 38 C.F.R. § 4.2 (2017); Barr v. Nicholson, 21 Vet. App. 303, 312 (2007) (holding that a VA examination or VA opinion must be adequate).

II. Service Connection

The Veteran contends he is entitled to service connection for a pulmonary disability as a result of in service asbestos exposure. He believes he was exposed to asbestos while living in the barracks at Ft. Knox, Kentucky.

Service connection for VA compensation purposes will be granted for a disability resulting from disease or personal injury incurred in the line of duty or for aggravation of a preexisting injury in the active military, naval or air service. 38 U.S.C.A. § 1110 (West 2014); 38 C.F.R. § 3.303 (a) (2017).

Generally, in order to establish service connection, there must be (1) evidence of a current disability; (2) evidence of in-service incurrence or aggravation of a disease or injury; and (3) evidence of a nexus between the claimed in-service disease or injury and the current disability. Hickson v. West, 12 Vet. App. 247, 253 (1999). Where a disease is first diagnosed after discharge, service connection will be granted when all of the evidence, including that pertinent to service, establishes that it was incurred in active service. See 38 C.F.R. § 3.303 (d) (2017); Combee v. Brown, 34 F.3d 1039, 1043 (Fed. Cir. 1994).

With regard to claims for service connection for asbestos-related diseases, there is no specific statutory or regulatory guidance. McGinty v. Brown, 4 Vet. App. 428, 432 (1993). Nevertheless, the VA Adjudication Procedure Manual provides guidelines for veterans who were exposed to asbestos while in service and developed a disease related to that asbestos exposure. VA Adjudication Procedure Manual, M21-1, IV.ii.1.3.a (updated Oct. 27, 2015). Claims based on exposure to asbestos 1) require a military occupational skill with exposure to asbestos or other exposure event associated with service sufficient to request an examination with medical opinion and 2) a diagnosed disability that has been associated with in-service asbestos exposure. Id. Occupational exposure is the most common cause of asbestosis, but the disorder can have other causes. Id. 

The M21 provisions acknowledge that inhalation of asbestos fibers and/or particles can result in fibrosis and tumors, and produce pleural effusions and fibrosis, pleural plaques, mesotheliomas of the pleura and peritoneum, and cancer of the lung, gastrointestinal tract, larynx, pharynx and urogenital system (except the prostate), with the most common resulting disease being interstitial pulmonary fibrosis (asbestosis). Also noted is that the latent period for development of disease due to exposure to asbestos ranges from 10 to 45 or more years between first exposure and development of disease. A clinical diagnosis of asbestosis requires a history of exposure and radiographic evidence of parenchymal lung disease. As to occupational exposure, exposure to asbestos has been shown in insulation and shipyard workers, and others.

The determination of whether the requirements of service connection have been met is based on an analysis of the credibility and probative value of all the evidence of record. See 38 U.S.C.A. § 7104 (a) (West 2014); Baldwin v. West, 13 Vet. App. 1, 8 (1999). When there is an approximate balance of evidence regarding the merits of an issue material to the determination of the matter, the benefit of the doubt in resolving each issue shall be given to the claimant. See 38 U.S.C.A. § 5107 (West 2014); 38 C.F.R. §§ 3.102, 4.3 (2017). A claimant need demonstrate only an approximate balance of positive and negative evidence in order to prevail. See Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990). For a claim to be denied on the merits, a preponderance of the evidence must be against the claim. See Alemany v. Brown, 9 Vet. App. 518, 519 (1996).

The Veteran's service treatment records show treatment for a headache and sore throat in January 1971. His hardship discharge examination in February 1971 noted normal lungs and chest examination. Chest X-ray was noted as essentially negative.

VA treatment records contain an August 2006 CT scan report showing small bilateral pleural plaques indicative of previous asbestos exposure. 

On VA examination in January 2013, the Veteran reported that he had a cough condition that began in service in 1970. He was told by a VA doctor about 10 years ago that he had a spot on his lung. The Veteran denied having any known asbestos exposure, but thought it might have come from dust on the floor of his barracks and exposure to "dry dust" during basic training. He reported that he worked in tire manufacturing in the 1960s at a mill making material for tires. He reported no current breathing problems and was not aware of having emphysema. The Veteran denied a history of smoking, asthma, or other pulmonary disease. Chest X-ray showed scattered basilar fibrosis of the lungs. The examiner stated that it was unlikely that the Veteran suffers from a pulmonary disorder due to military service as review of the medical record showed no evidence that he was exposed to asbestos during his military service.

A June 2016 VA examiner found that there was no pathology to render a current pulmonary diagnosis. 

On VA respiratory examination conducted in April 2017, the examiner noted that the "Veteran reports chronic intermittent shortness of breath for years. Worsening congestion and chronic cough of late. Seen in ER at Durham VAMC last week, diagnosed with Pulmonary Edema." Chest X-ray showed pulmonary edema with small bilateral pleural effusions. Pulmonary function testing in May 2017 showed mild restrictive defect without evidence of an obstruction. 

After reviewing the Veteran's claims file, the examiner opined that the Veteran's pulmonary condition was less likely than not (less than 50% probability) incurred in or caused by the claimed in-service injury, event or illness. The examiner provided the following opinion and rationale:

The [June 2016 VA examination] was obviously made in error. There is clear documentation of Pulmonary Fibrosis and Pleural Plaques, consistent with Asbestosis in the available records. This has been noted on multiple X-rays and Chest CT Scans, and has been reviewed by his Pulmonologist. Any statement that there was no diagnosed lung condition was made in error. 

The Veteran served from [November 1970 to February 1971], and was separated from active duty while still in training due to a back injury suffered during basic training at Fort Knox. There is nothing in the available records to suggest an exposure to Asbestos during the active duty period. The Veteran does not report any pre-service or post-service exposure to Asbestos. There is no documentation of Chronic Pulmonary conditions or of Asbestos Exposure in the available records prior to [August 2006]. There is mention of Asbestos Exposure in the order for the Thorax CT from [August 2006], but nothing in the previous visits to support this contention. The Veteran was in Basic Training for his entire tour of active duty. The Veteran does not report any known specific instances of asbestos exposure during this period. No activity with a high risk of asbestos exposure, such as removal of floor tiles, removal of ceiling tiles, removal of insulation; or exposure to damaged or broken floor tiles, ceiling tiles, or insulation were reported by the Veteran. 

A review of the available peer-reviewed literature produced no evidence of a likelihood of significant asbestos exposure during typical duties involved in Basic Training at Fort Knox in the early 1970s. 

In Summary: 

1. The Veteran served on active duty for less than 3 months.

2. The Veteran describes no known or specific examples of asbestos exposure.

3. There is no mention of asbestos exposure or chronic pulmonary conditions in the available records prior to 2006. 

Due to lack of evidence, it is less likely than not that the Veteran's chronic pulmonary fibrosis and pleural plaques consistent with asbestos exposure was incurred in or is proximately due to active duty military service.

The Board finds that the preponderance of the evidence is against a grant of service connection for a pulmonary disorder. The Veteran's service treatment records are silent for any complaints or diagnoses related to a lung or pulmonary condition, and the first showing of pleural plaques was made in 2006, approximately 35 years after service. 

The Veteran served on active duty for less than three months, and his service was limited to Fort Knox, Kentucky. The Veteran has not reported and the record does not show any specific duties or incidents indicative of in-service asbestos exposure; rather, he has referred to "dust on the floor of his barracks and exposure to 'dry dust' during basic training." 

Accordingly, the Board finds that service connection on a direct basis for a pulmonary disorder under 38 U.S.C.A. § 1110 and 38 C.F.R. § 3.303 (a) is not warranted. 

The Veteran may still be entitled to service connection if all of the evidence establishes that the pulmonary condition is otherwise attributable to service. 38 C.F.R. § 3.303 (d). He is competent to report his symptoms of a respiratory condition and when those symptoms began to manifest. Layno v. Brown, 6 Vet. App. 465 (1994). However, there is no evidence in the record which indicates that the Veteran is competent enough through expertise or knowledge to conclude that those symptoms are indicative of a lung condition that is the result of his service. Jandreau v. Nicholson, 491 F.3d 1372 (Fed. Cir. 2007). 

The Veteran's assertion that he has a pulmonary condition that is the result of asbestos exposure while in service must be considered in light of the opinion of the April 2017 VA examiner, who concluded that it was less likely than not that the Veteran's pleural plaques and pleural effusion were related to service. The examiner emphasized the brevity of the Veteran's period of service and the lack of any incidents or duties during those months that would have likely exposed him to asbestos. That opinion was supported by references to the Veteran's medical history as well as general medical knowledge regarding the development of asbestos related disorders. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 303 (2008) (a medical opinion must be supported by sufficient evidence and cannot necessarily rely solely on the claim file alone). The probative value of a medical opinion is based on the scope of the examination or review, as well as the relative merits of the analytical findings; the probative weight of a medical opinion may be reduced if the physician fails to explain the basis for an opinion. Sklar v. Brown, 5 Vet. App. 140 (1993). As the VA examiner reviewed the claims file and provided a thorough rationale, the Board finds that the April 2017 examiner's opinion is highly probative of the issue of whether the Veteran's lung condition is attributable to service. The record contains no medical opinion in support of the Veteran's claim.

In summation, the opinion of the April 2017 VA examiner is a reliable indicator of whether the lung condition was incurred in service or was otherwise attributable to service, to include as due to claimed asbestos exposure. Thus, the Board finds that the preponderance of the evidence weighs against a finding that the Veteran's pulmonary condition is related to service. Gilbert v. Derwinski, 1 Vet. App. 49 (1990). Service connection for a pulmonary condition under 38 C.F.R. § 3.303 (d) is denied, and as such the Veteran's claim for a pulmonary condition in total must be denied. 

As the preponderance of the evidence is against the Veteran's claim of service connection, the benefit-of-the-doubt standard of proof does not apply. 38 U.S.C.A. § 5107 (b).


ORDER

Service connection for a pulmonary disorder, to include emphysema and pleural plaques, claimed as due to exposure to asbestos in service, is denied.



____________________________________________
D. JOHNSON
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs